## UNITED STATES v. LOVEKNIT
### MFG. CO., Inc., et al.
### Civ. No. 3855.

United States District Court
N. D. Texas. Dallas Division.

May 23, 1950.

Charles H. Kelly, Attorney, Wage and Hour Division, United States Department of Labor, Dallas, Tex., Frank B. Potter, United States District Attorney, Fort Worth, Tex., O. Morris Harrell, Assistant United States Attorney, Dallas, Tex., for plaintiff.

Franklin E. Spafford (of Spafford & Spafford), Dallas, Tex., for defendants.

ATWELL, Chief Judge.

Claiming $6,796.90 for an alleged violation of the provisions of contracts made under the Walsh-Healey Act, 41 U.S.C.A. § 35 et seq., the plaintiffs filed this suit on December 28th, 1949.

The twelve contracts were made in 1942, 1943 and 1944, and all of them had been completed by 1945; eight were completed in 1944, and four by 1945.

The defendants, Rufus B. Love and J. R. Love, are made defendants, not because

---

they were contractors with the defendant, Loveknit Manufacturing Company, but because they were officers of that company, and the provision of the statute which would seem to make them liable, is Sec. 2 of the Act, which provides, in substance, that the persons responsible for such violations shall be liable to the United States for liquidated damages, in such amounts as provided in the statute.

The bonding company, also made a defendant, has been dismissed upon motion. The complaint specifies the alleged hiring of girls and boys under inhibited ages, knowingly.

The failure to pay over-time wages and the computation of bonuses in such figuring.

The defendants meet the issues all along the line. They challenge the lateness of the bringing of the suit; the "knowing" hiring of those under age and the figuring of the amount of recovery.

Treating first, the statute of limitation, we find that the United States has provided, "any action * * * for * * * liquidated damages * * * under * * * the Walsh-Healey Act * * *."

As said by Judge Paul, in United States v. Craddock-Terry Shoe Corp., D.C., 84 F.Supp. 842, 845, "a violator of the Act * * * is not made responsible in damages to any individual, but only to the United States. * * * The United States alone has a right of action to collect such damages, and if the limitation imposed on actions 'for * * * liquidated damages * * * under * * * the Walsh-Healey Act' does not apply to the Government there is no one to whom it would apply."

This decision was appealed to the Circuit Court of Appeals for the Fourth Circuit and decided by that circuit on December 21st, 1949. That circuit affirmed Judge Paul's judgment. But, in the opinion of Judge Paul there were two or three elucidating findings with reference, not only to limitation, but also to the hiring of employees under the proscribed lower limit. The Circuit Court did not see fit to go into those matters, but it is thought that if there had been vice in his positions that

court would certainly have noticed it. 178 F.2d 760.

It is unnecessary to repeat the reasoning in that particular opinion. It is well reasoned and the finishing of these particular contracts and the bringing of this suit, together with the testimony shown in the record taken by the examiner at the time of the filing of the complaint, which was May 14, 1947, by the Department of Labor, shows a complete running of the statute before the suit was filed on December 28th, 1949.

Treating, which is really unnecessary, since the action is barred, briefly, the claim that the employees under the inhibited age were "knowingly" made such employees, and that this court is bounden by the language of the Act to the effect that the record made by the examiner for the Labor Department is binding upon certain executive officers and upon the United States court, "if supported by the preponderance of the evidence," and, looking solely to that record, without allowing any of the brief oral testimony which was introduced with reference to this particular question, I find that there is no such preponderating evidence in that record made by the examiner which supports his conclusions. The record shows that these few employees came from 980 such employees during the years in question. That each of these complained about employees signed applications representing themselves to be over the proscribed age. The examiner, in most of those particular instances, talked with the employee. He did no more than did the defendants. He judged them to be under the inhibited age. The employer judged them to be over the inhibited ages, as each represented himself or herself to be over such age. So, the best that can be said about this particular testimony and particular record, is that the examiner concluded that his judgment was better than the judgment of the employer.

The word, "knowingly" may imply mere information and belief, rather than exact knowledge, or, it may include both actual and constructive knowledge. It is an adverb and clearly speaks its own mean-

ing. Here, it unquestionably means, "intentionally," or, "with actual knowledge." It, in this particular instance, would include an evil intent or bad purpose. Justly, "knowingly" must be with the knowledge of the actual facts and must be done intentionally. There is no preponderating evidence in the record to support such a conclusion. To hold that an examiner may substitute his judgment for the judgment of an employer, over the statement of the employee as to age, is to furnish a rather enlightening example of the judge being also the prosecutor. The trend of thoughtful courts, and legislators, as evidenced by recent expressions, is against that system.

The judgment must go for the defendants.